UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Fort Lauderdale Division)

Case Number:

NADER BAZL,

      Plaintiff,

vs.

BROWARD COUNTY,

      Defendant.

_____/

## Complaint for Damages and Injunctive Relief

Plaintiff, Nader Bazl ("Bazl" or "plaintiff"), sues defendant, Broward County ("County" or "Defendant"), and alleges:

### Introduction and Summary

1.    This is an action by, an age-, race-, national-origin- and disability-discrimination action by Nader Bazl, a then 64-year-old of Iranian (Persian) descent against his former employer, Broward County, which withdrew an Information Systems Analyst IV ("Systems Analyst 4") position after he applied and was the only remaining candidate, but required that he perform the duties of the position, and subjected him to work environment that aggravated his conditions and became so hostile and detrimental to his health that he was forced to resign and forfeit a portion of his pension

benefits.  He sues pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, et seq. ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), 28 U.S.C. § 621, et seq., and the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes ("FCRA"), the Americans with Disabilities Act, 42 U.S.C. § 12132, and the Rehabilitation Act, 29 U.S.C. § 794, for damages, equitable relief, reasonable attorney's fees and litigation expenses.

## Jurisdiction and Venue

2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question).  The Court has supplemental jurisdiction of the FCRA claim pursuant to 28 U.S.C. § 1367 because the FCRA claims are  so related to the federal claims over which the Court has federal-question jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.     Venue is proper in Broward County, Florida, because the claims arose there and Broward County is located there.

## Satisfaction of Conditions Precedent

4.     On or about April 8, 2022, Bazl filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which by operation of law meant that he also filed it with the Florida Commission on Human Relations ("FCHR").

5.     On February 6, 2023, the EEOC issued a notice of right to sue, within 90 days of which Bazl brought this action.

6.     More than 180 days elapsed without the FCHR's making an adverse finding against Bazl on any of his allegations or conciliating the charge.

7.     All conditions precedent to this action, if any, have been satisfied, waived or would have been futile.

### Parties

8.     Nader Bazl, a 64-year old Iranian of Persian origin or descent with ulcerative colitis and arthritis, was, at all times material, employed as Information Systems Analyst III ("Systems Analyst 3") in Broward County's Water and Wastewater Services Division of the Department of Public Works, and, as such was an "employee," "individual," "qualified individual" or "aggrieved person" under the Title VII, the ADEA , the ADA and the FCRA. He is protected by:

a.     the ADA and the FCRA because he is a "qualified individual" as defined by 42 U.S.C. § 12111(8);

b.     the ADEA and the FCRA because of his age (over 60 at all times material);

c.     Title VII and the FCRA because of his race and national origin, and

d.     42 U.S.C. § 12132, which forbids discrimination by public entity in their services, programs or activities, which includes employment.

9.     Defendant Broward County is, and at all times material was:

a.      a political subdivision of the state of Florida that was a public entity as envisioned by § 202 of the Americans with Disabilities Act, 42 U.S.C. § 12132;

b.      a recipient of federal funds, as envisioned by § 504 of the Rehabilitation Act, 29 U.S.C. § 794, and

c.      an "employer" as envisioned by Title VII, the ADEA, and the FCRA.

## Applicable Statutes

10.      The ADA at 42 U.S.C. § 12102 ("Definition of disability") defines:

a.      "disability," in pertinent part, as:

(1)      [W]ith respect to an individual —

(A) a physical or mental impairment that substantially limits one or more major life activities of such individual;

b.      "Major life activities," in pertinent part, as including:

I.      "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working," and

ii.      "the operation of a major bodily function, including functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions.

11.      The Americans with Disabilities Act ("ADA"), as amended, further provides in pertinent part:

   a. "The term 'qualified individual' means an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. . . ."

   b. "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to . . . discharge of employees, employee compensation, job training . . . and other terms, conditions, and privileges of employment," 42 U.S.C. § 12112, which includes:

   c. "limiting, segregating, or classifying [an] employee in a way that adversely affects the opportunities or status of such. . . employee because of the disability of such applicant or. . . employee," 42 U.S.C. § 12112(b)(1);

   d. "not making reasonable accommodations to the known. . . limitations of an otherwise qualified individual with a disability who is an. . . employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity," 42 U.S.C. § 12112(5)(A), or

   e. "denying employment opportunities to [an] employee who is an otherwise qualified individual with a disability, if such denial is based on the need of such covered entity to make reasonable accommodation to the physical or mental impairments of the employee or applicant," 42 U.S.C. § 12112(b)(5)(B).

12. Title VII of the Civil Rights Act of 1964, as amended, provides in pertinent part, at 42 U.S.C. § 2000e-2(a) as follows:

   It shall be an unlawful employment practice for an employer —

   (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race …or national origin; or

   (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race … or national origin.

13.     The ADEA provides, in pertinent part, at 29 U.S.C. § 623(a) that:

It shall be unlawful for an employer-

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;

(2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age;

14.     The ADEA further provides, in pertinent part, at 29 U.S.C. § 623(d) that:

It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter.

15.     The FCRA provides at § 760.10(1), FLA. STAT., as follows:

It is an unlawful employment practice for an employer:

(a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race . . . national origin, age, handicap . . . .

(b) To limit, segregate, or classify employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities, or adversely affect any individual's status as an employee, because of such individual's race . . . national origin, age, handicap . . . .

## General Allegations

16.    During 1998, Bazl started to work for Broward County.

17.    At all times material, Bazl worked as Systems Analyst 3 (Information Systems Analyst III), a position for which he was qualified, in Broward County's Water and Wastewater Services Division of the Department of Public Works.

18.    For the past nine years, Bazl suffered from ulcerative colitis and arthritis, conditions of which Broward County aware.

19.    Ulcerative colitis, an autoimmune disease that affects the large intestine (colon), is a physical impairment that substantially limits one or more major life activities as well as the operation of major bodily functions, i.e., including functions of the immune, urinary and digestive systems, and there is therefore "disability" or "handicap" as envisioned by 42 U.S.C. § 12102(2) and the FCRA.

20.    Arthritis is a physical impairment that substantially limits one or more major life activities as well as the operation of major bodily functions, i.e., including functions of the musculoskeletal system, integumentary, ocular, immune, nervous, digestive, respiratory and circulatory systems, and there is therefore "disability" or "handicap" as envisioned by 42 U.S.C. § 12102(2) and the FCRA.

21.    Ulcerative colitis affects Bazl by causing bloating, fatigue, abdominal pain and cramping, and diarrhea, requiring him to use the restroom frequently.

22.     The symptoms of arthritis, including joint pain and stiffness, affects Bazl's ability to, among other things, bend, walk and lift, and has required knee surgeries for which he had to take time off from work.

23.      Broward County was aware of Bazl's medical conditions, including by Bazl informing his supervisor and human resource and Bazl's submitting a Family and Medical Leave Act form completed by his physician.

24.     In 2021, after Bazl learned about a vacant IT Specialist Position / System Analyst (ISA4) position posted on the County's website, for which he was qualified, he applied for the position.

25.     He, however, was told that the position belonged to Francisco Malavet, a substantially-younger and substantially-less experienced co-worker.

26.     Bazl previously applied for promotion as System Analyst 4 and manager, for which he was qualified, but were not promoted to those positions.

27.     When another co-worker, Michael Mancako, who had also applied for the System Analyst position, resigned in January 2022, Bazl remained the only candidate.

28.     When he resigned, Mancako sent an e-mail to human resources (Ayana Cameron) and the Acting Director for the Department (Trevor Fisher) complaining about favoritism shown toward certain staff members, the toxic work environment and the harassment that Bazl was experiencing.

29.     The hostile environment to which employees outside his projected class were not subjected, included, among other things:

a.      rescinding approval of Bazl's vacation in April 2021, which had been approved two months previously;

b.      denying him weekends off from work;

c.      sending him out on late night calls that affected his health;

d.      demanding that he provide a doctor's note when he was ill for a day, despite the County's guidelines indicating that a note may be required only for absence of three consecutive days or more;

e.      assigning him to perform duties that aggravated his arthritis, such as climbing stairs, despite being informed of his concern about such assignment;

f.      assigning him to work at sites with no toilet facilities that he needs to accommodate the symptoms of his colitis, despite being informed of his concern about such assignments;

g.      Gorley openly berating Bazl in front of others, in a manner that was "very hostile in nature" and "unprofessional" to the extent that a co-worker, Mike Manczko, reported that he had to "leave [his] own desk because it was embarrassing to sit there and listen to it";

h.      Gorley becoming more aggressive towards Bazl after he contacted and left voice messages with human resources;

i.       being called a terrorist, on multiple occasions, including by Ralph Alicio (the Waste Water Manager) in the presence of the human

resources manager for Waste Water (Alan Wilson), who did nothing to stop behavior, and

        j.     subjecting him to offensive and disparaging slurs and remarks, including by the Director of Operations (Terry Carter) in the presence of employees and the Assistant Director (John Kay) and others in the presence of management, such as "terrorist," "mad Iranian" and "terrorist Iranian"; and being told when he asked for time off if he wanted a "holy" "war" day.

30.    During February 2022, Malavet, who had applied for the System Analyst 4 position, gave notice of his intent to resign.

31.    Although Bazl had applied for the position and was qualified for it and was the only remaining candidate, the County removed the position from its website that month.

32.    After Malavet left, and although Bazl was not hired for a waste water position, Bazl was required to perform the duties of the position.

33.    Notwithstanding both its actual and constructive knowledge of the work environment to which Bazl was subjected, the County failed to provide an effective policy against it.

34.    For example, when Bazl raised concerns with Ms. Gorley's supervisor, he was informed that he must have misperceived what happened.

35.    When he contacted human resources and left voice messages, his calls were not returned.

36.    On February 25, 2022, Bazl notified the County that he was forced to resign and forfeit three years of his Deferred Retirement Option Program benefits because "[m]y current supervisor - Dolly Gorley - has created such a toxic workplace that it is unhealthy for me to continue working there."

37.    A few days previously and despite knowing about his medical conditions, Gorley assigned Bazl to a job in a remote area with no restroom facilities that required climbing.

38.    Because of the difficulties in completing the job, Bazl did not feel well and experienced "flares" in his stomach and had to leave the assignment early.

39.    Gorley subsequently called Bazl after 11:00 p.m., while he was asleep, and, after being told by his wife that he was ill and may not be able to work tomorrow, demanded that he bring a doctor's note the next day.

40.    When he reported to work the next day, Gorley was hostile towards him and berated him about his wife answering his phone for him.

41.    The County's actions discriminated against Mr. Bazl in the terms, conditions and privileges of employment.

42.    The harassing conduct also occurred on such a regular basis and was sufficiently serious or pervasive to negatively affect the terms and conditions of Bazl's employment and to unreasonably interfere with his job performance.

43.     The conduct was of a type that a reasonable person would find offensive and Bazl found it so.

**Count 1 — Disability discrimination in violation of the ADA**

44.     Plaintiff realleges and adopts, as if fully set forth in this Count, the allegations of 1-5, 7, 8(a), 9(a), 10, 11 and 16-43.

45.     The County's actions as more particularly alleged above, constituted disability discrimination in violation of  42 U.S.C. §§ 12112(a), (b)(1), (b)(5)(A) and (b)(5)(B).

46.     As the direct, proximate and foreseeable result of the County's actions, Mr. Bazl has lost wages and benefits in the past and will suffer additional losses in the future and has suffered mental anguish, loss of dignity, a diminution of his reputation and other intangible injuries for which he is entitled to compensatory damages.

47.     The discrimination that plaintiff is suffering, in violation of his federal statutory rights to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

48.     Mr. Bazl is entitled to be awarded reasonable attorneys' fees and litigation expenses pursuant to 29 U.S.C. § 794a(b)

WHEREFORE, Plaintiff, Nader Bazl, prays that this Court will grant judgment for him, and against defendant, Broward County, and:

***One***, issue a judgment that Broward County's practices toward Mr. Bazl violated his rights against disability discrimination in violation of the ADA;

*Two*, award judgment against Broward County for the back pay and benefits to which plaintiff would have been entitled but for its discriminatory acts;

*Three*, enjoin Broward County and its agents from continuing to violate plaintiff's statutory rights and to make him whole through, reinstatement, restoration of seniority and benefits, or, if that is not practical, through an award of front pay;

*Four*, enter judgment for plaintiff and against defendant for damages, including compensatory damages;

*Five*, grant Mr. Bazl his costs and reasonable attorney's fees pursuant to 29 U.S.C. § 794a(b), and

*Six*, grant Mr. Bazl such other and further relief as the circumstances and law provide.

## Count 2 — Nader Bazl's Claim Under
## § 504 of the Rehabilitation Act, 29 U.S.C. § 12132

49.    Plaintiff, Nader Bazl, realleges and adopts, as if fully set forth in this Count, the allegations of ¶¶ 1-3, 8(a), 8(d), 9(a), 9(b), 10, 11, 16-43, 45, 46 and 47.

50.    The Rehabilitation Act provides, in pertinent part:

No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. . .

29 U.S.C. § 794.

51.     Sections 705(20)(A) and (B), in pertinent part, adopts the definition of "qualified individual with a disability" from the ADA.

52.     Section 794(d) adopts:

a.     The ADA's "standards used to determine whether this section has been violated in a complaint alleging employment discrimination under this section. . .," and

b.     "[T]he provisions of sections 501 through 504, and 510, of the Americans with Disabilities Act of 1990 (42 U.S.C. 12201-12204 and 12210), as such sections relate to employment."

53.     Plaintiff is entitled, pursuant to 29 U.S.C. § 794a(b) and 42 U.S.C. § 12133 to recover his costs and litigation expenses, including a reasonable attorney's fee, for bringing this action.

WHEREFORE, Plaintiff, Nader Bazl, prays that this Court will grant judgment for him, and against defendant, Broward County, and:

*One*, determining that the County violated Mr. Bazl's rights determining that the County violated Mr. Bazl's rights;

*Two*, enjoining the County, both preliminarily and permanently, to cease burdening his rights not to be discriminated against because of his disability;

*Three*, awarding back wages and compensatory damages against Broward County;

*Four*, awarding costs, including attorney's fees and litigation expenses, against the Broward County, and

*Five*, granting such other and further relief as is just.

## Count 3 — Handicap Discrimination Under the FCRA

54.     Plaintiff, Nader Bazl, realleges and adopts, as if fully set forth in this Count, the allegations of ¶¶ 1-4, 6, 7, 8(a)-(c), 9(c), 15-43.

55.     The treatment to which defendant, through its agents and employees, subjected Mr. Bazl was motivated by his handicap, and, thus, constituted handicap discrimination as proscribed by FCRA.

56.     As a direct, natural, proximate and foreseeable result of the actions of defendant, through its agents and representatives, plaintiff  has suffered past pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and, without this Court's intervention, would suffer additional losses in the future.

57.     The handicap discrimination that plaintiff is suffering, in violation of his Florida statutory rights to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

58.     Plaintiff is entitled, to recover costs and litigation expenses, including a reasonable attorney's fee, for bringing this action under § 760.11(5), FLA. STAT.

WHEREFORE, Plaintiff, Nader Bazl, prays that this Court will grant judgment for him, and against defendant, Broward County, and:

*One*, issue a judgment that Broward County's practices toward Mr. Bazl violated his rights against handicap discrimination in violation of the FCRA;

*Two*, award judgment against Broward County for the back pay and benefits to which plaintiff would have been entitled but for its discriminatory acts;

*Three*, enjoin Broward County and its agents from continuing to violate plaintiff's statutory rights and to make him whole through, reinstatement, restoration of seniority and benefits, or, if that is not practical, through an award of front pay;

*Four*, enter judgment for plaintiff and against defendant for damages, including compensatory damages;

*Five*, grant Mr. Bazl his costs and reasonable attorney's fees pursuant to § 760.11(5), FLA. STAT., and

*Six*, grant Mr. Bazl such other and further relief as the circumstances and law provide.

### Count 4 — Age Discrimination in Violation of the ADEA

59.    Plaintiff, Nader Bazl, realleges and adopts, as if fully set forth in this Count, the allegations of ¶¶ 1-5, 6, 7, 8(b), 9(c), 14, 16-17 and 24-43.

60.    The treatment to which defendant, through its agents and employees, subjected Mr. Bazl was because of his age and, thus, constituted age discrimination as proscribed by the ADEA.

61.    As a direct, natural, proximate and foreseeable result of the actions of defendant, through its agents and representatives, plaintiff  has suffered past pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and, without this Court's intervention, would suffer additional losses in the future.

62.    Defendant's treatment of plaintiff constituted a willful violation of the ADEA, entitling plaintiff to liquidated damages.

63.    The age discrimination that plaintiff is suffering, in violation of his federal statutory rights to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

64.    Plaintiff is entitled, to recover costs and litigation expenses, including a reasonable attorney's fee, for bringing this action under 29 U.S.C. § 626(b).

WHEREFORE, Plaintiff, Nader Bazl, prays that this Court will grant judgment for him, and against defendant, Broward County, and:

*One,* issue a judgment that Broward County's practices toward Mr. Bazl violated his rights against age discrimination in violation of the ADEA

*Two*, award judgment against Broward County for the back pay and benefits to which plaintiff would have been entitled but for its discriminatory acts;

*Three*, enjoin Broward County and its agents from continuing to violate plaintiff's statutory rights and to make him whole through,

reinstatement, restoration of seniority and benefits, or, if that is not practical, through an award of front pay;

*Four*, enter judgment for plaintiff and against defendant for damages, including liquidated damages;

*Five*, grant Mr. Bazl his costs and reasonable attorney's fees pursuant to 29 U.S.C. § 626(b), and

*Six*, grant Mr. Bazl such other and further relief as the circumstances and law provide.

### Count 5 — Age Discrimination Under the FCRA

65.     Plaintiff, Nader Bazl, realleges and adopts, as if fully set forth in this Count, the allegations of ¶¶ 1-4, 6, 7, 8(b), 9(c), 15, 16-17 and 24-43.

66.     The treatment to which defendant, through its agents and employees, subjected Mr. Bazl was because of his age and, thus, constituted age discrimination as proscribed by FCRA.

67.     As a direct, natural, proximate and foreseeable result of the actions of defendant, through its agents and representatives, plaintiff  has suffered past pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and, without this Court's intervention, would suffer additional losses in the future.

68.     The age discrimination that plaintiff is suffering, in violation of his Florida statutory rights to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

69.     Plaintiff is entitled, to recover costs and litigation expenses, including a reasonable attorney's fee, for bringing this action under § 760.11(5), FLA. STAT.

WHEREFORE, Plaintiff, Nader Bazl, prays that this Court will grant judgment for him, and against defendant, Broward County, and:

*One,* issue a judgment that Broward County's practices toward Mr. Bazl violated his rights against age discrimination in violation of the FCRA;

*Two*, award judgment against Broward County for the back pay and benefits to which plaintiff would have been entitled but for its discriminatory acts;

*Three*, enjoin Broward County and its agents from continuing to violate plaintiff's statutory rights and to make him whole through, reinstatement, restoration of seniority and benefits, or, if that is not practical, through an award of front pay;

*Four*, enter judgment for plaintiff and against defendant for damages, including compensatory damages;

*Five*, grant Mr. Bazl his costs and reasonable attorney's fees pursuant to § 760.11(5), FLA. STAT., and

*Six*, grant Mr. Bazl such other and further relief as the circumstances and law provide.

### Count 6 — National Origin Discrimination Under Title VII

70.     Plaintiff, Nader Bazl, realleges and adopts, as if fully set forth in this Count, the allegations of ¶¶ 1-5, 7, 8(c), 9(c), 12, 16-17 and 24-43.

71.    The treatment to which defendant, through its agents and employees, subjected Mr. Bazl was motivated by his national origin (Iranian or Persian), and, thus, constituted national origin discrimination as proscribed by Title VII.

72.    As a direct, natural, proximate and foreseeable result of the actions of defendant, through its agents and representatives, plaintiff  has suffered past pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and, without this Court's intervention, would suffer additional losses in the future.

73.    The national discrimination that plaintiff is suffering, in violation of his federal statutory rights to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

74.    Plaintiff is entitled, to recover costs and litigation expenses, including a reasonable attorney's fee, for bringing this action under 42 U.S.C. § 2000e-5(k).

WHEREFORE, Plaintiff, Nader Bazl, prays that this Court will grant judgment for him, and against defendant, Broward County, and:

*One*, issue a judgment that Broward County's practices toward Mr. Bazl violated his rights against national origin discrimination in violation of Title VII;

*Two*, award judgment against Broward County for the back pay and benefits to which plaintiff would have been entitled but for its discriminatory acts;

*Three*, enjoin Broward County and its agents from continuing to violate plaintiff's statutory rights under Title VII and to make him whole through, reinstatement, restoration of seniority and benefits, or, if that is not practical, through an award of front pay;

*Four*, enter judgment for plaintiff and against defendant for damages, including compensatory damages;

*Five*, grant Mr. Bazl his costs and reasonable attorney's fees pursuant to 42 U.S.C. § 2000e-5(k), and

*Six,* grant Mr. Bazl such other and further relief as the circumstances and law provide.

### Count 7 — National Origin Discrimination Under the FCRA

75.    Plaintiff, Nader Bazl, realleges and adopts, as if fully set forth in this Count, the allegations of ¶¶ 1-4, 6, 7, 8(c), 9(c), 15, 16-17 and 24-43.

76.    The treatment to which defendant, through its agents and employees, subjected Mr. Bazl was motivated by his national origin (Iranian or Persian), and, thus, constituted national origin discrimination as proscribed by FCRA.

77.    As a direct, natural, proximate and foreseeable result of the actions of defendant, through its agents and representatives, plaintiff has suffered past pecuniary losses, emotional pain, suffering, inconvenience,

mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and, without this Court's intervention, would suffer additional losses in the future.

78.    The national origin discrimination that plaintiff is suffering, in violation of his Florida statutory rights to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

79.    Plaintiff is entitled, to recover costs and litigation expenses, including a reasonable attorney's fee, for bringing this action under § 760.11(5), FLA. STAT.

WHEREFORE, Plaintiff, Nader Bazl, prays that this Court will grant judgment for him, and against defendant, Broward County, and:

*One*, issue a judgment that Broward County's practices toward Mr. Bazl violated his rights against national origin discrimination in violation of the FCRA;

*Two*, award judgment against Broward County for the back pay and benefits to which plaintiff would have been entitled but for its discriminatory acts;

*Three*, enjoin Broward County and its agents from continuing to violate plaintiff's statutory rights and to make him whole through, reinstatement, restoration of seniority and benefits, or, if that is not practical, through an award of front pay;

*Four*, enter judgment for plaintiff and against defendant for damages, including compensatory damages;

*Five*, grant Mr. Bazl his costs and reasonable attorney's fees pursuant to § 760.11(5), FLA. STAT., and

*Six*, grant Mr. Bazl such other and further relief as the circumstances and law provide.

## Count 8 — Race Discrimination Under Title VII

80.     Plaintiff, Nader Bazl, realleges and adopts, as if fully set forth in this Count, the allegations of  ¶¶ 1-5, 7, 8(c), 9(c), 12, 16-17 and 24-43.

81.     The treatment to which defendant, through its agents and employees, subjected Mr. Bazl was motivated by his race  (Persian ancestry or origin), and, thus, constituted race discrimination as proscribed by Title VII.

82.     As a direct, natural, proximate and foreseeable result of the actions of defendant, through its agents and representatives, plaintiff  has suffered past pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and, without this Court's intervention, would suffer additional losses in the future.

83.     The race discrimination that plaintiff is suffering, in violation of his federal statutory rights to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

84.     Plaintiff is entitled, to recover costs and litigation expenses, including a reasonable attorney's fee, for bringing this action under 42 U.S.C. § 2000e-5(k).

WHEREFORE, Plaintiff, Nader Bazl, prays that this Court will grant judgment for him, and against defendant, Broward County, and:

*One*, issue a judgment that Broward County's practices toward Mr. Bazl violated his rights against race discrimination in violation of Title VII;

*Two*, award judgment against Broward County for the back pay and benefits to which plaintiff would have been entitled but for its discriminatory acts;

*Three*, enjoin Broward County and its agents from continuing to violate plaintiff's statutory rights under Title VII and to make him whole through, reinstatement, restoration of seniority and benefits, or, if that is not practical, through an award of front pay;

*Four*, enter judgment for plaintiff and against defendant for damages, including compensatory damages;

*Five*, grant Mr. Bazl his costs and reasonable attorney's fees pursuant to 42 U.S.C. § 2000e-5(k), and

*Five,* grant Mr. Bazl such other and further relief as the circumstances and law provide.

### Count 9 — Race Discrimination Under the FCRA

85.    Plaintiff, Nader Bazl, realleges and adopts, as if fully set forth in this Count, the allegations of ¶¶ 1-4, 6, 7, 8(c), 9(c), 15, 16-17 and 24-43.

86.    The treatment to which defendant, through its agents and employees, subjected Mr. Bazl was motivated by his race (Persian ancestry o origin), and, thus, constituted race discrimination as proscribed by FCRA.

87.    As a direct, natural, proximate and foreseeable result of the actions of defendant, through its agents and representatives, plaintiff  has suffered past pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and, without this Court's intervention, would suffer additional losses in the future.

88.    The race discrimination that plaintiff is suffering, in violation of his Florida statutory rights to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

89.    Plaintiff is entitled, to recover costs and litigation expenses, including a reasonable attorney's fee, for bringing this action under § 760.11(5), FLA. STAT.

WHEREFORE, Plaintiff, Nader Bazl, prays that this Court will grant judgment for him, and against defendant, Broward County, and:

*One*, issue a judgment that Broward County's practices toward Mr. Bazl violated his rights against race discrimination in violation of the FCRA;

*Two*, award judgment against Broward County for the back pay and benefits to which plaintiff would have been entitled but for its discriminatory acts;

*Three*, enjoin Broward County and its agents from continuing to violate plaintiff's statutory rights and to make him whole through, reinstatement, restoration of seniority and benefits, or, if that is not practical, through an award of front pay;

*Four*, enter judgment for plaintiff and against defendant for damages, including compensatory damages;

*Five*, grant Mr. Bazl his costs and reasonable attorney's fees pursuant to § 760.11(5), FLA. STAT., and

*Six*, grant Mr. Bazl such other and further relief as the circumstances and law provide.

### Jury Demand

Plaintiff, Nader Bazl, demands trial by jury on all issues so triable.

Respectfully Submitted,

*/s/ William R. Amlong*
WILLIAM R. AMLONG
Florida Bar No. 470228
WRAmlong@TheAmlongFirm.com
KAREN COOLMAN AMLONG
Florida Bar No. 275565
KAmlong@TheAmlongFirm.com
JENNIFER DALEY
Florida Bar Number 856436
JDaley@TheAmlongFirm.com

THE AMLONG FIRM
500 Northeast Fourth Street
Suite 101
Fort Lauderdale, Florida 33301-1154
(954) 462-1983

**Attorneys for the Plaintiff,**
**Nader Bazl**